**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Ali Reza Sadrarhami, Esq. (SBN: 316141)
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiff*,
Jacob Espitia

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| **JACOB ESPITIA,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | **(1) THE FAIR DEBT COLLECTION PRACTICES ACT   15 U.S.C. §§ 1692 ET SEQ.; AND** |
| **MEZZETTI FINANCIAL SERVICES, INC.,** | **(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.** |
| Defendant. | **JURY TRIAL DEMANDED** |

//

//

//

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiff JACOB ESPITIA ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of MEZZETTI FINANCIAL SERVICES, INC. ("Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, which caused Plaintiff damages.

4. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named defendant.

5. Plaintiff makes these allegations based on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff has personal knowledge.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331; and, 15 U.S.C. § 1692k.

8. This action arises out of Defendant's violations of (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq.; and (2) the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. ("RFDCPA" or "Rosenthal Act").

9. Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because the conduct complained of herein occurred within this judicial district and many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a)  is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b)  does substantial business within this district;

    (c)  is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d)  the harm to Plaintiff occurred within this district.

**PARTIES**

11. Plaintiff is a natural person who at all times relevant resided in the City of San Jose within the County of Santa Clara in the State of California.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

13. Defendant is an California corporation formed under the laws of the State of California with a principal place of business or office located in the City of San Jose, County of Santa Clara, State of California.

14. Defendant is a person that uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is informed, believes, and thereon allege, that Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b) and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

17. This case involves an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal,

family, or household purposes. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

### FACTUAL ALLEGATIONS

18. At all times relevant to this matter, Plaintiff was adult and an individual residing within the State of California.

19. At all times relevant, Defendant conducted business in the State of California.

20. Sometime prior to June 2017, Plaintiff allegedly incurred financial obligations to a third party, Arcadia Management Services Company ("Arcadia"), for an apartment Plaintiff rented with his roommate, Alexander Garban.

21. These alleged financial obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by California Civil Code § 1788.2(d) and "consumer debt" as defined by California Civil Code § 1788.2(f).

22. Sometime prior to June 2017, Plaintiff allegedly fell behind on payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of the alleged debt or whether this alleged debt was actually owed as it is irrelevant to this action.

23. On or about June 13, 2017, Arcadia filed a collection action in the Superior Court of California, County of Santa Clara, Case No. 17CV211736, naming Plaintiff Jacob Espitia and another party, Alexander Garban, as co-defendants.

24. Sometime thereafter, on or about July 7, 2017, Arcadia obtained a default judgment against Plaintiff and Alexander Garban.

25. Subsequently, on or about February 5, 2018, Arcadia filed an assignment of judgment, indicating that Arcadia had assigned, sold, or transferred the judgment to Defendant Mezzetti Financial Services, Inc. for collection thereon.

26. On January 9, 2018 at approximately 3:31 p.m. PST, Defendant, through its representative or owner Jose Mezzetti, initiated a call to Plaintiff's mother, Danette Espitia, from telephone number (408) 280-1581, and left a voice message on Plaintiff's mother's cellular telephone stating that he was looking for her son, Jacob, and asking Plaintiff's mother to return his call.

27. This phone call and voicemail to Plaintiff's mother was a "communication" as that term is defined by 15 U.S.C. § 1692a(2); and these communications constitute "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

28. Through this communication, Defendant violated 15 U.S.C. § 1692b(1) by failing to identify himself as a debt collector in the voicemail left on Plaintiff's mother's cellular phone. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.11(b).  Thus, Defendant has also violated Cal. Civ. Code § 1788.11(b).

29. Concerned by the above-mentioned voice message, Plaintiff's mother called Defendant back on January 9, 2018 at approximately 5:36 p.m. PST. During this call, Defendant's representative or owner Jose Mezzetti ("Mezzetti") asked Plaintiff's mother if she knew that Jacob had a judgment against him and disclosed to Plaintiff's mother that her son, Jacob, and his roommate, Alex Garban, had a judgment against them in the amount of $5,247.00. Mezzetti sought payment on the alleged debt from Plaintiff's mother and stated that he had also spoken with another third party, Doug Garban, about the judgment. Mezzetti provided Plaintiff's mother with phone numbers for Doug Garban and Alex Garban and suggested that Plaintiff's mother reach out to them for payment of the alleged debt as well. Defendant also disclosed that Defendant sent a letter notifying Plaintiff of the debt of $5,247 and Defendant's intent to collect the alleged debt.

//
//

30. Plaintiff's mother is third party who was not named as a defendant in the above-mentioned collection action and was not responsible for the alleged debt. At no time did Plaintiff authorize Defendant to disclose information regarding the alleged debt to his mother or any other third parties.

31. Through its communications with Plaintiff's mother and other third parties, Defendant engaged in conduct in violation of 15 U.S.C. § 1692b by communicating with persons other than Plaintiff for purposes other than purposes of acquiring location.  This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.11(b).  Thus, Defendant has also violated Cal. Civ. Code § 1788.11(b).

32. Through its communications with Plaintiff's mother and other third parties, Defendant engaged in conduct in violation of 15 U.S.C. § 1692b(2) by communicating with persons other than Plaintiff and disclosing to those third parties that Plaintiff owed an alleged debt.  This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.11(b).  Thus, Defendant has also violated Cal. Civ. Code § 1788.11(b)

33. Through these communications, Defendant engaged in conduct the natural consequence is which to harass, oppress, or abuse any person in violation of 15 U.S.C. § 1692d. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

34. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

//

//

35. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in attempting to collect the alleged debt from Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

36. Through this conduct, Defendant has violated 15 U.S.C. § 1692f by using unfair or unconscionable means in attempt to collect an alleged debt from Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendant has violated Cal. Civ. Code § 1788.17.

37. As a result of Defendant's willful and illegal conduct described above, Plaintiff suffers and continues to suffer actual damages.  Defendant's conduct in violation of abovementioned sections of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. ("RFDCPA" or "Rosenthal Act") and has caused Plaintiff to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692, et seq. (FDCPA)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

40. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

//

41. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

42. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**COUNT II**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CAL. CIV. CODE §§ 1788, ET SEQ. (ROSENTHAL ACT)**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions by Defendant constitute numerous and multiple violations of the Rosenthal Act.

45. As a result of Defendant's violations of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a);

46. As a result of Defendant's violations of the Rosenthal Act, Plaintiff is entitled to statutory damages in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and

47. As a result of Defendant's violations of the Rosenthal Act, Plaintiff is entitled to reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692, ET SEQ. (FDCPA)**

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and
- any and all other relief that this Court deems just and proper.

### COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788, ET SEQ. (ROSENTHAL ACT)

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a) against Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant; and
- any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

48. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: April 25, 2018                                Respectfully submitted,

                                                     **KAZEROUNI LAW GROUP, APC**


                                        By:   _/s/ Abbas Kazerounian_
                                              Abbas Kazerounian, Esq.
                                              Mona Amini, Esq.
                                              Ali Reza Sadrarhami, Esq.
                                              *Attorneys for Plaintiff*