UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACOB ESPITIA,<br><br>    Plaintiff,<br><br>v.<br><br>MEZZETTI FINANCIAL SERVICES, INC.,<br><br>    Defendant. | Case No.18-cv-02480-VKD<br><br>**ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 36 |

## I. BACKGROUND

Plaintiff Jacob Espitia sues for alleged violation of federal and state fair debt collection laws. According to his complaint, he reportedly fell behind on payments allegedly owed to Arcadia Management Services Company ("Arcadia") for an apartment he rented with his roommate, Alexander Garban. Arcadia sued Messrs. Espitia and Garban in state court to collect the alleged debt. After obtaining a default judgment, Arcadia reportedly assigned the judgment to defendant Mezzetti Financial Services, Inc. ("Mezzetti"). Mr. Espitia says that although he did not authorize Mezzetti to contact third parties about the alleged debt, Mezzetti called third parties, including his mother, and disclosed information about the alleged debt in its collection efforts. His complaint asserts two claims for relief: (1) violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and (2) violation of the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq*. Dkt. No. 1.

After Mezzetti failed to respond to the complaint, and at Mr. Espitia's request, the Clerk of the Court entered Mezzetti's default. Dkt. No. 13. The Court subsequently granted the parties' joint request to set aside the default. Dkt. No. 19. Mezzetti then answered the complaint, denying

any wrongdoing and asserting 20 affirmative defenses. Dkt. No. 20. Mr. Espitia now moves strike all but one of Mezzetti's affirmative defenses.[1] He contends that the asserted defenses are not proper defenses, are immaterial, or are insufficiently pled. Mezzetti has not filed any response to the motion, and the time for filing one has passed.[2] At the hearing on this motion, Mezzetti was given the opportunity to be heard, but declined to contest the motion.

Upon consideration of the moving papers, as well as the arguments presented at the January 29, 2019 hearing, the Court grants Mr. Espitia's motion to strike Mezzetti's affirmative defenses, with leave to amend only as to some defenses.[3]

## II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court, on its own initiative or on a motion by a party, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ..'" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "A matter is immaterial it if has no essential or important relationship to the claim for relief pleaded." *Barnes v. AT&T Pension Plan Benefit Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). "A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case." *Id*.

---

[1] Mr. Espitia does not challenge Mezzetti's Seventh Affirmative Defense for Bona Fide Error. Accordingly, this order does not apply to that defense.

[2] In a belated reply brief, Mr. Espitia cites to what appears to be the local rule of another court and says that Mezzetti's opposition should have been filed no later than January 15, 2019. Pursuant to this district's Civil Local Rule 7-3, Mezzetti's response actually was due by January 2, 2019.

[3] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Rule 12(f) motions to strike are disfavored "because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Id*. Thus, "once an affirmative defense has been properly pled, a motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted unless it appears to a certainty that plaintiff[] would succeed despite any state of the facts which could be proved in support of the defense." *Id*. (internal quotations and citation omitted). If a defense is stricken, "leave to amend should be freely given when doing so would not cause prejudice to the opposing party." *Id*. (citing *Wyshak*, 607 F.2d at 826).

## III. DISCUSSION

### A. Whether *Twombly* and *Iqbal* Apply to Affirmative Defenses

Preliminarily, the Court observes that it is not yet settled whether the "plausibility" pleading standard for complaints articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies to the "fair notice" required of an affirmative defense in an answer, and district courts within the Ninth Circuit are split on that issue. *See Barnes*, 718 F. Supp. 2d at 1170 (joining the "vast majority of courts" that apply *Twombly* and *Iqbal* to affirmative defenses). Judges within this district, however, have applied the *Twombly* and *Iqbal* pleading standard to affirmative defenses, adopting the reasoning set out in *Barnes*:

> *Iqbal*'s extension of the *Twombly* pleading standard beyond claims arising under the Sherman Act was premised on *Twombly*'s holding that the purpose of Rule 8 was to give the opposing party notice of the basis for the claim sought. Rule 8's requirements with respect to pleading defenses in an answer parallels the Rule's requirements for pleading claims in a complaint. *Compare* (a)(2) "a short and plain statement of the claim showing that the pleader is entitled to relief", *with* (b)(1) "state in short and plain terms its defenses to each claim asserted against it". Rule 8(b)(2) further provides with respect to 'denials' that they "must fairly respond to the substance of the allegations." The court can see no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses which are also governed by Rule 8. Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply. Applying the same standard will also serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted.

3

718 F. Supp. 2d at 1172 (citations omitted); *see also Izett v. Crown Asset Mgmt., LLC*, No. 18-cv-05224-EMC, 2018 WL 6592442 at *1 (N.D. Cal., Dec. 14, 2018) (noting that courts in this district have "consistently applied the *Twombly* and *Iqbal* standard to affirmative defenses.").

In *Kohler v. Flava Enterprises, Inc.*, the Ninth Circuit declined to reverse a district court's ruling that an affirmative defense was sufficiently pled, stating that "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1274 (3d ed. 1998)). Nevertheless, courts in this district continue to apply *Twombly* and *Iqbal* to affirmative defenses, noting that *Kohler* did not directly address whether *Twombly* and *Iqbal* apply to the pleading standard for affirmative defenses. *See, e.g., Fishman v. Tiger Natural Gas, Inc.*, No. 17-05351-WHA, 2018 WL 4468680, at *3 (N.D. Cal., Sept. 18, 2018); *Finjan, Inc. v. Bitdefender, Inc.*, No. 17-cv-04790-HSG, 2018 WL 1811979, at *3 (N.D. Cal., Apr. 17, 2018).

This Court agrees with the reasoning of *Barnes*, and absent clear controlling authority, joins the judges of this district that apply the *Twombly* and *Iqbal* pleading standard to affirmative defenses. Under that standard, "a defense need not include extensive factual allegations in order to give fair notice," but "bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law Group, P.C.*, No. 11-cv-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal., Mar. 26, 2012) (internal quotations and citation omitted).

### B. Insufficiently Pled Defenses

Many of Mezzetti's defenses state conclusions that do not provide adequate notice of the basis for each defense. For example, the Eleventh Affirmative Defense ("Unclean Hands") states, in its entirety, "As a separate, affirmative defense, Defendant alleges that any recovery to Plaintiff is barred by the Doctrine of Unclean Hands." Dkt. No. 20. Mezzetti fails to identify any conduct by Mr. Espitia that would provide grounds for such a defense. The Twelfth Affirmative Defense ("Proximate Cause by Third [P]arty") states that Mr. Espitia's claims "are, or may be, barred because the claimed injuries were proximately caused by the conduct of the third parties, including but not limited to, the prior intervening or superseding conduct of third parties." *Id*. However,

4

defendants fail to identify any third parties or intervening or superseding conduct of third parties on which they base this defense. In another example, the Seventeenth Affirmative Defense ("Failure to Mitigate") states that "to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages." *Id*. Mezzetti, however, provides no facts supporting the defense. *Id*. Other courts have stricken similarly pled defenses. *See Perez*, 2012 WL 1029425 at *10 (citing cases).

Other defenses are simply confusing. For example, the Sixth Affirmative Defense ("Privilege") states: "As a separate, affirmative defense, Defendant alleges that its conduct, communications and actions, if any, were privileged pursuant to inter alia, 15 U.S.C. §§ 1692; 1692(a)3; 1692(a)5; 1692(a)6; 1692(k); 1692(i)(a)." *Id*. However, Mr. Espitia correctly notes that the listed statutes[4] do not identify any "privilege"; thus, the basis for this defense is unclear. In another example, the Twentieth Affirmative Defense states that "to the extent that plaintiff is awarded any damages or fees[,] said monies are offset by the judgement assigned to plaintiff." *Id*. Mr. Espitia argues that this affirmative defense is unintelligible, and the Court agrees that in the context of this case, and without further explanation, this affirmative defense, on its face, does not make any sense.

A number of Mezzetti's other defenses are similarly deficient. The Court therefore strikes the Sixth, Ninth through Fourteenth, Sixteenth, Seventeenth and Twentieth Affirmative Defenses with leave to amend.

### C. Redundant, Immaterial, or Impertinent Defenses

#### 1. Fourth, Fifth and Eighth Affirmative Defenses

The Fourth Affirmative Defense ("Legitimate Business Purpose") states:

> As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendants were justified

---

[4] The Court found no sections of the FDCPA designated "1692(a)3," "1692(a)5," "1692(a)6," "1692(k)," or "1692(i)(a)" and assumes that Mezzetti intended to refer to 15 U.S.C. §§ 1692a(3), 1692a(5), 1692a(6), 1692k, and 1692i(a).

under the circumstances based upon the information that was readily available.

Dkt. No. 20. In a somewhat similar vein, Mezzetti's Fifth Affirmative Defense ("No Malice") states, "As a separate, affirmative defense, Defendant alleges that its alleged actions were not accompanied by actual malice, intent or ill will." Dkt. No. 20. And Mezzetti's Eighth Affirmative Defense states: "As a separate, affirmative defense, Defendant alleges that at all times alleged in Plaintiff's Complaint, it maintained reasonable procedures created to prevent any type of intentional violation of the [FDCPA], the Rosenthal Act, and the California Credit Reporting Act." *Id*.

Mr. Espitia argues that these defenses should be stricken because a defendant's good faith or honest intentions are immaterial to the FDCPA and the Rosenthal Act. He correctly notes that these are strict liability statutes. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006) (holding that liability under the FDCPA does not require knowing or intentional conduct); *Bentkowsky v. Benchmark Recovery, Inc.*, No. 13-cv-01252-VC, 2015 WL 502948, at *1 (N.D. Cal., Feb. 3, 2015) (noting that Section 1788.17 of the Rosenthal Act "incorporates the exact liability provisions and remedies as the FDCPA—specifically, 15 U.S.C. §§ 1692b-1692j and 1692k.").

Nevertheless, the Court declines to strike these defenses as immaterial because a defendant's intent is relevant to damages. *See Clark*, 460 F.3d at 1176 ("Instead, intent is only relevant to the determination of damages."); *Bentkowsky*, 2015 WL 502948 at *2 (noting that the damages provision under Section 1788.30(b) of the Rosenthal Act "requires a showing of intent."). Both statutes provide for a "bona fide error" defense, which "is an affirmative defense, for which the debt collector has the burden of proof." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008). The FDCPA provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). "The defense does not protect a debt collector whose reliance on a

creditor's representation is unreasonable," and "requires the defendant to show that it maintains procedures to avoid errors." *Reichert*, 531 F.3d at 1006. The Rosenthal Act also contains a parallel provision. *See* Cal. Civ. Code § 1788.30(e).

However, the Court will strike Mezzetti's Eighth Affirmative Defense on the ground that it is entirely redundant of the Seventh Affirmative Defense ("Bona Fide Error"), which, as noted above, Mr. Espitia does not move to strike. The Eighth Affirmative Defense is also impertinent and immaterial insofar as it references a "California Credit Reporting Act," which has no relation to Mr. Espitia's claims. Accordingly, the Eighth Affirmative Defense is stricken without leave to amend.

Mezzetti's Fourth and Fifth Affirmative Defenses are also stricken as redundant, insofar as they merely appear to expound upon Mezzetti's bona fide error defense. Mezzetti will not be permitted to reallege these defenses in an amended answer. However, this ruling is without prejudice to Mezzetti asserting any matters presently contained in the Fourth and Fifth Affirmative Defenses that Mezzetti believes are necessary to establish its bona fide error defense.

### 2. Nineteenth Affirmative Defense

Mezzetti's Nineteenth Affirmative Defense is for "Failure of Condition Precedent" and states: "As a separate, affirmative defense, the Defendant alleges that Plaintiff has failed to properly dispute the allegedly erroneous credit entries as is required by statute, and this is a condition precedent to the filing of this action." Dkt. No. 20. The reference to "allegedly erroneous credit entries" suggests that this defense was intended for claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* or the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, *et seq*. Mr. Espitia, however, asserts claims only under the FDCPA and the Rosenthal Act, and none of his allegations concern "erroneous credit entries." This affirmative defense therefore has no apparent relation to Mr. Espitia's claims and is stricken as immaterial and impertinent without leave to amend.

### D. Affirmative Defenses that Are Not Affirmative Defenses

"'A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense.'" *Barnes*, 718 F. Supp. 2d at

1173 (quoting *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "Such a defense is merely rebuttal against the evidence presented by the plaintiff." *Id.* "On the other hand, '[a]n affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven.'" *Id.* (quoting *Roberge v. Hannah Marine Corp.*, No. 96-1691, 1997 WL 468330, at *3 (6th Cir.1997)); *see also Perez*, 2012 WL 1029425, at *11 ("Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true.") (internal quotations and citation omitted). An affirmative defense is one for which the defendant bears the burden of proof. *Barnes*, 718 F. Supp. 2d at 1174; *Perez*, 2012 WL 1029425, at *11.

Mezzetti's First Affirmative Defense for "Failure to State a Claim" is not a true affirmative defense. *See Barnes*, 718 F. Supp. 2d at 1174 ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiff]'s prima facie case."); *Perez*, 2012 WL 1029425 at *11 (same). Typically, the defense of failure to state a claim upon which relief can be granted is made by motion pursuant to Rule 12(b)(6), although it is not waived if a defendant fails to make such a motion. *See* Fed. R. Civ. P. 12(b)(6); 12(h)(2). Accordingly, this defense is stricken, and Mezzetti will not be permitted to reallege it as an affirmative defense in an amended answer. However, this ruling is without prejudice to Mezzetti raising this defense in a motion under Rule 12(c) or at trial, as permitted by Rule 12(h)(2)(B) and (C).

Mezzetti's remaining defenses are simply variations of the first one, namely the Second ("No Violation of 1692, et seq."), Third ("No Violation of FDCPA"), Fifteenth ("No Breach of any Legal Duty") and Eighteenth (that the complaint "Lacks Merit"). Additionally, the Third Affirmative Defense is entirely redundant of the Second. Accordingly, the Court strikes these defenses without leave to amend.

## IV. CONCLUSION

Based on the foregoing, Mr. Espitia's motion to strike Mezzetti's affirmative defenses is granted.

The Court strikes the following defenses without leave to amend: First ("Failure to State a

Claim"), Second ("No Violation of 1692 et seq."), Third ("No Violation of FDCPA"), Fourth ("Legitimate Business Purpose"), Fifth ("No Malice"), Eighth ("Maintained Reasonable Procedures"), Fifteenth ("No Breach of any Legal Duty"), Eighteenth ("Lacks Merit"), and Nineteenth ("Failure of Condition Precedent").

The Court strikes the remaining defenses with leave to amend: Sixth ("Privilege"), Ninth ("Limitation of Damages" [under the FDCPA]), Tenth ("Limitation of Damages" [under the Rosenthal Act]), Eleventh ("Unclean Hands"), Twelfth ("Proximate Cause by Third Party"), Thirteenth ("No Proximate Cause" [by Mezzetti]), Fourteenth ("Barred by Plaintiff's Own Conduct"), Sixteenth ("Estoppel"), Seventeenth ("Failure to Mitigate"), and Twentieth ("Offset").

If Mezzetti chooses to amend any of the defenses for which leave to amend has been granted, Mezzetti must file its amended answer no later than February 13, 2019.

**IT IS SO ORDERED.**

Dated: January 29, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge